## Nancy Davis, Appellee, v. East St. Louis Lodge No. 4 Loyal Order of Moose, Appellant.

1. INSURANCE, § 898*—*when evidence sufficient to show that member of lodge "financially dependent."* In an action to recover funeral expenses under a certificate of beneficial insurance by a lodge of an order, whose by-laws provided for such recovery, where deceased was "financially dependent" on such lodge for such funeral expenses, an instruction was given at the request of defendant that "the term 'financially dependent' as used in the by-laws * * * means that the deceased member has no other source of revenue or funds from which his funeral expenses may be derived but that of the funds of the Lodge," and where on such instruction the jury found for plaintiff, evidence *held* sufficient to show that deceased was "financially dependent" within the meaning of the by-laws as defined by such instruction, although plaintiff in fact paid such funeral expenses in part from money received from other insurance.

2. WITNESSES, § 180*—*when question improper as assuming facts.* A question asked of a witness on cross-examination, "what was the name of the car repairers' association to which he belonged to, if you know,' *held* improper in form as assuming that the person referred to was a member of a car repairers' association.

3. INSURANCE, § 884*—*when evidence that lodge member belonged to another association incompetent.* In an action to recover for funeral expenses under a certificate of beneficial insurance issued by a lodge of an order, whose by-laws provided for the payment of a sum not in excess of a sum named, where deceased was "financially dependent" on such lodge for such funeral expenses,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

evidencé that deceased was a member of another association *held* incompetent, where it was uncontradicted that deceased's estate had no money or property, and received no insurance payable to such estate with which to pay such funeral expenses.

4.  INSURANCE, § 908*—*when instruction states lodge jurisdiction correctly.* In an action against a lodge of a beneficial order to recover funeral expenses under a certificate of beneficial insurance, issued by another lodge of the same order, where the by-laws of the order provided that where a member of a lodge died within the jurisdiction of another lodge, such last-named lodge shall pay the amount due under the certificate, which should be repaid by the home lodge, an instruction that if the lodge of which deceased was a member was liable for the amount sued for, and if deceased died within the jurisdiction of defendant lodge, then the defendant was liable, *held* to state the question of lodge jurisdiction correctly.

5.  INSURANCE, § 908*—*when instruction on lodge jurisdiction need not state general conditions under which plaintiff entitled to recover.* In an action against a lodge of a beneficial order to recover funeral expenses under a certificate issued by another lodge of the same order, whereby the by-laws of the order provided that where a member of a lodge died within the jurisdiction of another lodge, such last-named lodge should pay the amount due under the certificate which should be repaid by deceased's home lodge, *held* that an instruction directed to the question of lodge jurisdiction under the by-laws need not state the general conditions under which plaintiff was entitled to recover where a subsequent instruction correctly instructed the jury on the other conditions of such recovery.

6.  INSURANCE, § 908*—*when instruction not obnoxious as assuming financial dependency of member on lodge.* In an action to recover for funeral expenses under a certificate of benefit insurance, where plaintiff's right to recover depended on whether at the time of his death deceased was "financially dependent" for such funeral expenses on the lodge issuing the certificate within the meaning of the by-laws of the order, and where an instruction was given defining the meaning of the quoted phrase as applied to the evidence, an instruction given for plaintiff examined and *held* not obnoxious as assuming that deceased was so dependent, and that such question was by such instruction plainly left to the jury.

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Louis Beasley and W. H. Weber, for appellant; Arthur H. Jones, of counsel.

M. Millard and William P. Launtz, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

Thomas P. Davis, deceased, the husband of appellee, had lived in East St. Louis for a number of years, but while working in Roodhouse, Illinois, had joined the Roodhouse Lodge of the Loyal Order of Moose. On November 15th he was injured in East St. Louis, and died the following morning in that city. The by-laws provided that each beneficiary should pay his dues quarterly in advance on the first days of January, April, July and October of each year, the same to be credited on the day actually received by the secretary, and in case a member should be in arrears fifteen days after the expiration of the quarter for which his dues were paid, he should not be ''beneficial'' until after a period of thirty days immediately after the payment of all arrearages. They further provide that at the next regular meeting, after the death of a benefit member, who is not in arrears for dues and is otherwise in good standing, his lodge shall prepare and draw a warrant for such sum as the by-laws provide and apply the same to the payment of the funeral expenses, which in no case shall be more than $100; that when such member of a subordinate lodge dies beyond its jurisdiction, all necessary expenses of sickness or burial, to the amount allowed by the by-laws of the home lodge of such member, shall be paid by the lodge within whose jurisdiction said sickness or death shall have occurred, which amounts shall be repaid by the home lodge; that in the event that deceased is financially dependent upon the lodge for his funeral expenses, the thirty days' penalty imposed shall not apply. Davis did not pay his dues, accruing on October

1, 1913, until November 7, 1913, which placed him in arrears more than fifteen days after the expiration of the quarter for which his dues should have been paid, and it is conceded that the right of recovery in this case hinges on whether he was financially dependent on the lodge for his funeral expenses or not. The jury which tried the case found that he was financially dependent and returned a verdict in favor of plaintiff for $100. A motion for a new trial was denied and judgment entered for that amount.

Appellant complains that the evidence does not sustain the verdict; that it was denied the right of proper cross-examination and that the jury were improperly instructed on the part of appellee. The only evidence as to the financial condition of Davis at the time of his death was the testimony of appellee, who stated that he was a laborer who worked for a living; that he lived off of the wages which he earned; that he had no property or money at the time of his death; that he was insured in the Prudential Insurance Company and belonged to the Red Men; that no money was received from any insurance except the Prudential, which was payable to her; that the funeral expenses were paid by her out of the money received from the Prudential Insurance Company, so far as it went, but that she had to borrow $57.50 to complete the payment; that the funeral expenses, amounting to $189, were fully paid by her and none of it came from property or money belonging to deceased. At the request of appellant the jury were instructed: ''The term 'financially dependent' as used in the by-laws of the Loyal Order of Moose, means that the deceased member has no other source of revenue or funds from which his funeral expenses may be derived but that of the funds of the Lodge.'' Assuming that this definition is correct, it clearly appeared from the proofs that deceased was financially dependent within the meaning of the by-laws. That appellee received a portion of the money

with which the funeral expenses were paid from the Prudential Insurance Company does not in any way affect this question, as the money so derived belonged to her individually and not to the estate of the deceased.

On the cross-examination of appellee counsel for appellant asked her in reference to her husband: "What was the name of the car repairers' association he belonged to, if you know?" Objection was made to this question by counsel for appellee and sustained by the court. To this ruling appellant excepted and claims here that the same was error. The question was improper in form as it assumed that deceased was a member of a car repairers' association and for that reason should not have been permitted to be answered; but even if the question had been properly framed, it would not have been competent as the evidence was uncontradicted that there was no money or property of deceased or insurance received belonging to him to pay his funeral expenses, and the same were not paid out of his money or means. Criticism is made of the first instruction given for appellee, for the reason that it is argumentative and ignores the question whether deceased was financially dependent upon the lodge for his funeral benefit at the time of his death. This instruction, however, was not directed to that question, but only to the question of lodge jurisdiction and told the jury that if the lodge at Roodhouse was liable for the funeral benefits sued for and appellee's husband died within the jurisdiction of the defendant lodge, then the defendant lodge was liable for such benefit. This correctly stated the question of jurisdiction under the by-laws of the organization, and it was not necessary to elaborate as to the conditions covering the general right of appellee to recover. The next instruction, however, given for appellee did state, as a requirement to the right of recovery, that the jury must find that deceased was a beneficiary member of the order and

30    APPELLATE COURTS OF ILLINOIS.

Interstate Contr. & S. Co. v. Belleville Sav. Bk., 197 Ill. App. 30.

dependent upon his lodge for his funeral expenses. Objection is made to the second instruction given for appellee, upon the ground that it assumed that the deceased member was dependent upon the lodge for his funeral benefit. A reading of the instruction, however, shows that it is not obnoxious to this criticism, as that question is plainly left by the instruction to the jury, to be determined from the evidence.

We are of opinion that under the proof, appellant was clearly liable for funeral benefits to the amount found by the verdict, and as appellee paid the same and no question is raised as to her right to bring suit, the judgment will be affirmed.

*Judgment affirmed.*